976-15    ORIGINAL

## The Court of Criminal Appeals of Texas

Now Comes Matthew Woodard (Pro se) Request A Review of This Petition For Discretionary Review

    I Find Every thing in here To Be Truthful And Correct.

COA 14-14-00609-CR, TR CT No 1366319

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 29 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
OCT 02 2015
Abel Acosta, Clerk

Matthew Woodard
DATE Sept 21 2015

(Subject index) · All Partys and cases

STATES PARTYS,

Devon Anderson, District Attorney Harris County, Texas
Kimberly Aperauch Stelter, Assistant District Attorney
Harris County, Texas TBC No. 19141400, stelter_kimberly@dao.
hctx.net
Tara Shaikh, Allison Buess - Assistant District Attorney
Harris County, Texas 1201 Franklin, Suite 600 Houston,
Texas 77002 (Tel) - 713-755-5826 FAX 713-755-5809

APPELLANT or Criminal Defendant:
Matthew Vincent Woodard

Counsel For Appellant:
R.P. "Skip" Cornelius - Counsel At Trial

Thomas J Lewis - Counsel on Appeal

Trial Judge
Hon. Wayne Mallia - Presiding Judge

# CASES

664 F. 2d 971

558 F 2d 387

543 F 2d 1333

BROOKS V STATE. 323 SW 3d 893 TEX CRIM APP 2010

DUREN V STATE 87 SW 3d 719 TEX APP - TEXARKANA 2002

FULLER V STATE 73 SW 3d 250 (TEX CRIM APP. 2002)

GARDENER V STATE 306 SW 3d 247 TEX CRIM APP 2009

JACKSON V VIRGINIA 443 US 307, 99 S Ct 2281, 61 2 ed 2d 860 (1979)

TILLMAN VSTATE 354 SW 3d 425 (TEX CRIM APP 2011)

US V WADE, 388 US 218, 87 S ct. 1926, 18 L ed 2d 1149 (1967)

## ART 22.01 (A) 22.02 (A)

25.2 · SET A SIDE CONVICTION, NEW TRIAL

44.1 A DUE PROCESS

## STATEMENT OF FACT

Bailey testified that on the evening of October 14 20 she was at the apartment of a friend, Demetric Wheeler Bailey testified they were drinking and gambling in th apartment. Bailey also testified that the appellant's wife was there. Ms Bailey stated that the defendant had a gun, powder bag, and a styrofoam cup in his hands as he entered the apartment. Bailey said under oath that the defendant and Mr Bobby Anderson drug her out to the house.

Ms Wheeler testified that the defendant didn't have anything in his hand when He enter but a gun the witness Ms Wheeler also testified that the defender wife was not there and nobody was drinking in her apartment. Ms Wheeler testified that Bobby Anderson AKA (BJ) didn't help drag her out with the defend

Witness told officer Schultz the name of Matthew. officer Schultz said under oath that the witness didn't provide a last name but provide an Address of a house behind a Hotel. She did a computer search and found out that a Matthew Woodard liv at that address.

Officer Tatum testified that Ms Wheeler came to the scene and told him the shooting happen outside Later she change her story to it Happen on the inside. officer Tatum said that the witness said the person who shot Veronica AKA Vondra was 57 and 170 pound.

The investigator was officer Nguyen testified Also on He just went off what He had listed on The report. Later He said All He Have on mr Woodard was what the compliantive and witness said Nothing to corroborate The story with, All Hearsay.

APPeal was Filed The same date.

DATES

Notice of APPeal Filed Date July 23 2014

Motion For Rehearing Denied July 23 2014 by Judge

NO Request Made From Appellant For ORal ARguments!

## GROUND FOR REVIEW NUMBER ONE

The Court of Appeals Erred in Holding That Evidence of Shooter's Identity Sufficient.

The Identity of MR Woodard is Impermissible Suggestive. No Corroborating Evidence To support The Fact of Who MR Woodard is! To use A statement made By the complainant And to use A statment made by the Witness Which Both statments was inconsistent statments is Not A Fact! Identification Procedures Conducted during The Investigation of A Criminal Case must Conform To standards of fundamental FAIRness. An Identification violates The Requirements of due process of Law if IT was obtained in A Manner so Impermissibly Suggestive As to give to substantial likelihood of mistaken Identification. Improperly Suggestive "Single" Photo was A Mug shot when Matthew Woodard was Aressted At A Motel Address 2121 KINK ST #14 Houston Tx. Which officer's Testified A Description of A house where MR Woodard live. Testimony From other officer said the description of the shooters was 5.7" And 170 pounds Came From the Witness. MR Woodard has A Texas Driving License with his Address And the Probable Cause, And Indictment has A Motel Address listed FOR ML Woodard.

I pray the PdR BE GRANTED because of A FAIRness of the JUSTICE system. It's obvious the JURY over Look The Evidence.

# Ground Number Two

## Prosecutorial Misconduct (summation)

Appeal to a jury based on passion or prejudice rather than facts 6064 F. 2d 971: or imply that the prosecutor beleves that the defendant is guilty of the crime charged, 558 F. 2d 387

### "Closing Statments by Shaiskh"

Pg 23, 20-21 Matthew shot her in the throat. Matthew.

Pg 24 6-10 It would be as if my neighbor stole my bike that I see everyday. I would be able to pick him out of a photo array. I'd be able to pick him out of a picture. Because I know him. I know who He is

Pg 32, 11-12 She not able to sit down and conspire on who they're going to plan to pin this on.

Interject personal opinions concerning veracity of witness 543. F. 2d 1333;

Pg 29, 13-20 But at first think of their thought process. I don't want to get in trouble." I bet you every person there has some criminal history, probably has had had some, you know, communication and prosecution in the criminal justice system They don't want to go back to jail. There's some bad things in that house They don't want them to find. It makes sense.

Pg 28, 10-12 Evidence shows that theres no renson were not here on a murder case other then this defendant got lucky -- well, lucky and unlucky.

Pg 27 12, 25 Now eyewitness are what they are. They sat up here and we read off their prior criminal

history to you. The complainant was open about her crack addiction and her lifestyle. Why would they lie about it? This isnt a likability contest. This isnt which witness do you like the most or do you dislike this witness? 23-25 Im just asking you to listen to what they said and think about what motive or bias they have to lie.

## Ground Number III

## Prayer For Relief

I Matthew Woodard (Pro-se) write to the Court And Ask the Court with prayer to Grant his P.D.R on Any Grounds on All Grounds That Apply to A Retrial.

Matthew Woodard
#1942000
264 FM 3478
Huntsville Tx 77320

**Affirmed and Memorandum Opinion filed June 25, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-14-00609-CR

## MATTHEW VINCENT WOODARD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1366319**

## MEMORANDUM OPINION

A jury convicted Matthew Vincent Woodard of aggravated assault with a deadly weapon. Appellant pled true to an enhancement paragraph and the jury sentenced him to confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his sole issue, appellant claims the evidence was legally insufficient to support his conviction. Appellant asserts the State failed to prove that he was the person who shot the complainant, Veronda Bailey.

## EVIDENCE OF SHOOTER'S IDENTITY

Bailey testified that on the evening of October 14, 2012, she was at the apartment of a friend, Demetric Wheeler. A person Bailey knew by sight approached her. She identified appellant in court as that person. Appellant had a gun in his hands. Appellant demanded Bailey pay him $40 that he claimed she owed him for a gambling debt. Bailey refused to pay and appellant waived the gun in her face and pushed her against the bathroom wall. The gun went off and Bailey fell to the floor. Appellant and Bobby Anderson carried Bailey outside and left. The police arrived and Bailey was taken to the hospital in an ambulance. Bailey had surgery and spent several days in the hospital.

Demetric Wheeler testified to personally knowing appellant and identified him in court. According to Wheeler, appellant entered her apartment with a gun and said Bailey owed him $40. Appellant went into the bathroom where Bailey was and shot her. After appellant and Anderson took Bailey outside, Wheeler left and returned in time to see Bailey put in the ambulance.

Investigator Joseph Nguyen showed Bailey and Wheeler a photo and both identified appellant as the gunman.

## STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743,

746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Romero v. State*, 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. stricken). We defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id.* The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Id.* In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

## ANALYSIS

Appellant argues the verdict was not rational because there were reasons to doubt the reliability of the testimony of Bailey and Wheeler. The jury heard all the evidence appellant refers to in his brief. The jury resolved any conflicts in the evidence against appellant. The jury weighed the evidence and the credibility of the witnesses and determined appellant was the shooter. It is not the role of this court to determine which evidence the jury should have believed. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).

Appellant also questions whether eyewitness testimony, without more, can satisfy the State's burden of proof. "The testimony of a single eyewitness can be enough to support a conviction." *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).

We conclude that a rational finder of fact could have determined beyond a reasonable doubt that appellant was the person who shot Bailey. We overrule appellant's sole issue and affirm the trial court's judgment.


/s/    Ken Wise
Justice


Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

MATthew Vincent Woodard 1942000 #
STELLE UNIT
'64 FM 3478
ntsville, TX 77320

The Court of Crim
appeals
Clerk
PO Box 12308
Austin TX 78711